THE PEOPLE *ex rel.* Josiah Little, Collector,

*v.*

OWEN L. CLAYTON *et al.*

*Filed at Ottawa November 14, 1885.*

1. DRAINAGE—*special assessments, when due.* Under section 27 of the original act relating to drainage, (Rev. Stat. 1874,) upon confirmation of the assessment for benefits by the county court the whole assessment becomes due and payable *immediately*, unless ordered to be paid in installments.

2. SAME—*return of delinquent list—when to be made—effect on validity of assessment when return not made at proper time.* By section 178 of the Revenue act, return of delinquent or unpaid assessments is required to be made to the county collector on or before the tenth day of March next after the same shall have become *payable*,—not on the tenth day of March next after the day named in the notice required by section 33 of the Drainage act.

3. In this case the drainage assessment was confirmed by the court and jury on March 9, 1885, and became payable on that day. On the next day the commissioners filed with the county collector the delinquent list, and on March 14, 1885, they published the notice required by section 27 of the Drainage act, requiring payment to them of such assessments on or before June 6, 1885. On May 18, 1885, the county collector applied for judgment against the lands, and judgment was rendered on June 8, 1885: *Held,* that while it was irregular to make the return to the county collector before the notice of the assessment and before the day limited for payment in the notice, and ask for and obtain judgment for non-payment on the day before that named in the notice, yet, being an error or irregularity not affecting the substantial justice of the assessment, it was cured by section 191 of the Revenue act.

4. In such case the substantial matter as affecting the tax-payer was, that he should have three weeks' notice, by publication, of the assessment, so as to afford him an opportunity to pay the same before the sale of his land. And the mere time of returning the delinquent list to the collector, whether before or after the notice was published, affects only the formality of the proceeding, and not any substantial interest of the land owner.

APPEAL from the County Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding.

Mr. F. E. ANDREWS, for the appellant.

Messrs. CRABTREE & DIXON, for the appllees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an application by the county collector of Lee county, made in the county court, for judgment against certain lands and lots for the taxes and special assessments due thereon. The appellees appeared and filed various objections to judgment against their lands in drainage district No. 1 of Nelson, in Lee county, for a certain assessment for drainage purposes. The court held the objections sufficient, and refused judgment, whereupon this appeal was taken.

The drainage assessment was confirmed by the court and jury on the 9th day of March, 1885, and the delinquent list upon which the county collector based his application for judgment, was filed with him on the 10th day of March,

1885. On the 14th day of March, 1885, the drainage commissioner published a notice in a weekly newspaper published in Lee county, notifying all persons interested, of the making of the assessment, and that the same must be paid to the drainage commissioner on or before the 6th day of June, 1885, and that in default, the lands upon which the assessment remained unpaid would be sold to pay the amount of the assessment. The application of the county collector for judgment against the lands was made on May 18, 1885, and the judgment was rendered on June 5, 1885.

The only objection which is insisted upon is, that the giving of the notice by the drainage commissioner, and the expiration of the time mentioned therein for the payment of the assessment, were both necessary to fix a delinquency against the lands assessed; and that the drainage commissioner's return of the lands as delinquent could not, under the law, have been made until after such delinquency had occurred, and so not until or before the 10th day of March next after the time fixed in the notice as the date by which payment must be made. By section 33, as amended, of the Drainage act, (Laws of 1883, page 85,) it is made the duty of the drainage commissioner, immediately after receiving a copy of the assessment roll, to cause a notice to be published, for three weeks, that the assessment was due for drainage purposes, and that the same must be paid on or before a day to be fixed in the notice, and that in default of such payment the lands would be sold. Section 34, as amended, is: "If the assessment * * * due upon said lands shall not be paid on or before the day named in the notice given, as in section 33 of this act, it shall be the duty of said commissioner * * * to make out a certified list of such delinquent lands upon which the * * * assessment remains unpaid, and the same shall be by him or them, on or before the 10th day of March next after the same shall have become payable, returned to the county collector," etc. The reading of this section 34,

taken by itself, might rather seem to imply, as contended, that the assessment was not payable until the expiration of the time fixed in the drainage commissioner's notice; that the assessment did not, until that time, become delinquent, and that the drainage commissioner was not to return the delinquent list of the lands to the county collector until after such time, and that the return was to be on or before the 10th day of March next after that time, whereas, here, the drainage commissioner returned the delinquent list to the county collector before the notice was published, and on the 10th day of March, 1885, and the judgment was rendered on the 5th day of June, the day before the day named in the notice, which was June 6.

Section 27 of the original act, (Rev. Stat. 1874, page 433,) provides: "At the time of confirming such assessment, it shall be competent for the court to order the assessment of benefits to be paid in installments,  *  *  *  otherwise the whole amount of such assessment shall be *payable immediately* upon such confirmation, and shall be a lien upon the lands assessed, until paid." As observed, the confirmation here was on March 9, 1885. Section 178 of the Revenue act, (Rev. Stat. 1874, page 887,) provides: "When any special assessment, made by any  *  *  *  corporate authorities, commissioners or persons, pursuant to law, remains unpaid in whole or in part, return thereof shall be made to the county collector, on or before the 10th day of March next after the same shall have become payable, in like forms ·as returns are made for delinquent land tax." The drainage commissioner did, in fact, make his return of the delinquent list in compliance with the letter of the statute. By its express language the assessment was payable March 9, 1885, and return was made of the delinquent list on March 10, 1885,—the 10th day of March next after the assessment be-came payable by said section 27. The requirement of section 34 is not that the return shall be on or before the 10th day

of March next after the day named in the notice for payment of the assessment, but next after the assessment shall have become *payable*. It is only by implication from the notice that the assessment is to be held payable at the time fixed in the notice,—the statute, in terms, makes it *payable immediately* upon its confirmation.

There is surely an inconsistency, which does not accord with the orderly course of any ordinary legal proceeding, that the return of the delinquent list should have been made to the county collector before the notice of the assessment and the time by which to pay it was published, and that judgment should have been asked for and taken on the day before that named in the notice for payment of the assessment. But we are disposed to look upon this as but an irregularity in the proceeding for the collection of the assessment, which comes within the 191st section of the Revenue law, (Rev. Stat. 1874, page 890,) which provides: "And no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof." There was, as we regard, but such an error or informality in this case. The substantial matter, as affecting the tax-payer, was that he should have three weeks' notice, by publication, of the assessment, affording him opportunity for its payment. This was had, there having been publication of the notice more than three weeks previous to making the application for judgment. The assessment was, in fact, due and unpaid. The day fixed in the notice as the time by which the assessment must be paid or the lands would be sold, was one prior to the day on which the sale was to be had. The mere time of returning the delinquent list to the county collector, whether before or after the notice was published, would seem to affect only the formality of the proceeding, and not any substantial interest of the land owner, and the 191st section cures expressly any

irregularity on account of the tax list not having been returned within the time required by law. Whatever of irregularity there was here, does not appear to affect the substantial justice of the assessment, and we incline to regard it as cured by this section 191 of the Revenue act.

The judgment of the county court will therefore be reversed, and the cause remanded.

*Judgment reversed.*