## MARY A. BOWMAN

*v.*

## THE PEOPLE *ex rel.* James D. Baker, Collector.

*Filed at Mt. Vernon May 9, 1891.*

1. SPECIAL ASSESSMENTS—*when due—collector's return.* Section 37, article 9, of the Municipal Corporation act, requires the city collector, on receiving a warrant to collect special assessments, to give a notice to all persons interested, to pay their assessments within thirty days. The words, "within thirty days from the date hereof," are an important and essential part of the required notice. This gives parties thirty days after such notice within which to pay special assessments upon their property, and until such time expires the assessments can not be regarded as due and delinquent. Before such time expires the city collector has no authority to return his list to the county collector.

2. SAME—*application for judgment—when delinquent.* Until taxes are due and there is an actual delinquency, there can be no legal right to apply for a judgment. Therefore, special assessments by cities and villages for local improvements must be due and unpaid, and the property in fact delinquent, on or before April 1 in the year in which the application for judgment is made.

3. If the city collector returns to the county collector his report of lands and lots as delinquent before they are in fact delinquent, the latter will have no right to apply to the county court and obtain judgment. If the application is prematurely brought it must fail or abate, and on reversal the cause will not be remanded.

4. SAME—*proof of delinquency.* The report of the city collector as to special assessments and special taxes is made *prima facie* evidence that the special assessments and taxes mentioned therein were due and unpaid at the date of such report, leaving the question of the existence of an actual delinquency open for proofs. The *prima facie* case made by the report may be overthrown by evidence to the contrary.

5. SAME—*former decision—Drainage law distinguished.* This case is not in conflict with *The People* v. *Clayton,* 115 Ill. 150. There the litigation was in respect to an assessment under the Drainage law, which provided that the assessment should be payable immediately. The statute applying here is quite different from the Drainage law.

APPEAL from the County Court of St. Clair county; the Hon. JOHN B. HAY, Judge, presiding.

Mr. CHARLES W. THOMAS, for the appellant.

Mr. F. G. COCKRELL, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Mary A. Bowman, the appellant, is the owner of lots 1, 2, 3, 4, 5 and 6, of block 25, and parts of lots 7, 8 and 9, of block 173, all fronting on Missouri avenue, in the city of East St. Louis.    In August, 1889, the city council passed an ordinance for the improvement of that street by special taxation of contiguous property.    The various steps provided by law were taken.    The assessments were made upon the contiguous property, and were confirmed by the county court on the 13th day of February, 1890, and ordered to be certified by the county clerk to the officer appointed by the city to collect the same.    The assessments upon said property of appellant amounted to $3343.33.    One Henry C. Jackiesch was appointed by the city to collect the assessments.    The appointment was made March 3, 1890, and the functions of the officer appointed were, by the terms of the appointment, to cease April 15, 1890.    On the 13th day of March, 1890, Jackiesch published a notice, bearing date that day, to the owners of the property assessed, informing them that the special assessment had been confirmed and that a warrant for the collection of such assessment was in his hands, and notifying all persons interested to pay the several amounts assessed, within thirty days from that date.    On the 21st day of March, 1890, Jackiesch served a written notice on appellant that the assessment roll and warrant were in his hands for collection, which notice concluded as follows:    "You are requested to make payment before the 1st day of April, 1890."    On the 31st day of March, 1890, Jackiesch made a written report to the county collector, returning the property of appellant as delinquent. The county collector having received said report of delinquent property, applied for judgment at the May term, 1890, of the

county court. The appellant appeared and filed objections, which were overruled, and judgment was rendered for the special taxes, and the lots ordered to be sold to pay the same.

The material question for adjudication is, whether or not the application for judgment was premature. Were the special taxes assessed against the lots of appellant legally due and unpaid, and the property delinquent, on the 31st day of March, 1890, when returned as delinquent, or on the 1st day of April, 1890? It is provided in section 156, of chapter 24, of the Statutes, (1 Starr & Curtis' Ann. Stat. p. 501,) that "the application for judgment upon delinquent special assessments in each year shall include only such special assessments as shall have been returned as delinquent to the county collector on or before the 1st day of April, in the year in which such application is made." Section 35, of article 9, of the general Municipal Incorporation act, as amended June 26, 1885, (Laws of 1885, p. 63,) makes it the duty of the clerk of the court in which judgment of confirmation is rendered, to certify the assessment roll and judgment to the officer of the city authorized to collect such special assessments; and section 39 of said article makes it the duty of such officer to make a report in writing, to the general officer authorized to apply for judgment and sell lands for taxes due the county and State, of all the lands, town lots and real property on which he shall have been unable to collect special assessments, with the amount of special assessments due and unpaid thereon, together with his warrant, or with a brief description of the nature of the warrant or warrants received by him authorizing the collection thereof, said report to be accompanied with the oath of such officer that the list is a correct return and report of the lands, town lots and real property on which the special assessments remain due and unpaid, that he is unable to collect the same, and that he has given the notice required by law that said warrants had been received by him for collection. Said section also provides that "said report, when so made, shall be

*prima facie* evidence that all the forms and requirements of the law in relation to making said return have been complied with, and that the special assessments mentioned in said report are due and unpaid."

The legal presumption is that a public officer will perform his duty, and when the legislature provided that the application for judgment shall include only such special assessments as shall have been returned as delinquent on or before the 1st day of April in the year in which the application is made, it was assumed that no city collector would, on or before the date fixed, return as delinquent any lands, town lots or real estate which were not in fact delinquent, and upon which the special assessments were not due and unpaid. Without the taxes are due and unpaid, and unless there is an actual delinquency, there can, in the nature of legal proceedings, be no legal right to apply for a judgment. So the true intent and meaning of the statute is, that the special assessments must be due and unpaid and the real estate in fact delinquent on or before the 1st day of April in the year in which the application is made. In the case at bar the report of the city collector is *prima facie* evidence that the special assessments mentioned therein were due and unpaid at the date of said report; but the use, in the statute, of the expression, *"prima facie* evidence,"* indicates, *ex vi termini,* that the question of the existence of an actual delinquency is a matter open for proofs, and that the *prima facie* case made by the report may be overthrown by evidence to the contrary.

Section 37, of article 9, of the Incorporation act, as amended June 26, 1885, (Laws of 1885, p. 63,) provides that the city collector receiving a warrant to collect special assessments shall immediately give notice thereof, by publishing a notice in one or more newspapers in the city, if such newspaper is there, and if there is no such newspaper, then by posting four copies thereof in public places along the line of the proposed improvements. Said section also gives the form of the notices

to be given, and provides that the notices are to be "substantially" in that form. The concluding provision in said form is this: "All persons interested are hereby notified to call and pay the amounts assessed, at the collector's office, (here insert location of office,) within thirty days from the date hereof. Dated this . . . . day of . . . . . . ., A. D. 18 . . ." The words, "within thirty days from the date hereof," are an important and essential part of the required notice. They could not be wholly omitted from the notice given, or "ten," "twenty" or "twenty-nine" substituted therein for the word "thirty," and such notice yet be "substantially" in the form given by the statute. The insertion of said words in the notice is a plain indication of the legislative intention that all property owners and persons interested shall have thirty days from the date of the notice within which to pay special assessments upon their property, before such assessments can legally be regarded as due, unpaid and delinquent. If the legislature had not regarded the number of days' notice to be given as a matter of substance, it must be presumed that they would have left a blank, to be filled as the will of the local authorities dictated, in the place where the word "thirty" is found.

It is claimed by appellee that in *The People ex rel. v. Clayton*, 115 Ill. 150, a question was passed upon which is identical in principle with the one involved in this case. We do not so understand that case. There, the litigation was in respect to an assessment in a drainage district, for drainage purposes, and the drainage act under which the drainage district was organized expressly provided that "the whole amount of such assessment shall be *payable immediately* upon such confirmation," and also provided that the certified list of delinquent lands upon which the assessment remained unpaid, "shall be by him or them, on or before the 10th day of March next after the same shall have become *payable*, returned to the county collector." The decision made was based upon these provisions of the statute then under consideration. There are

no such provisions in the act now in question. The reasoning in that case seems to sustain the view we have taken in this case. It was there said that the "implication from the notice was, that the assessment is to be held payable at the time fixed in the notice," and further said that certain provisions of that statute in respect to notice "might rather seem to imply, as contended, that the assessment was not payable until the expiration of the time fixed in the drainage commissioner's notice; that the assessment did not, until that time, become delinquent, and that the drainage commissioner was not to return the delinquent list of the lands to the county collector until after such time." But these considerations were disposed of with the remark, "the statute, in terms, makes it (the assessment) *payable immediately* upon its confirmation," and the further remark, that "the requirement of the section is not that the return shall be on or before the 10th day of March next after the day named in the notice for payment of the assessment, but next after the assessment shall have become *payable*."

Section 38, of article 9, of the general Incorporation act for cities and villages, makes it the duty of the local collector to personally, or by written or printed notice, inform all persons resident within the corporation whose names appear upon the assessment roll, or the occupants of the property assessed, of the assessment, and request payment of the same, and imposes a penalty of $10 upon any such collector failing so to do, for every such omission. The imposition of this duty, and the enforcement of it by a fine for its omission, are indications that in the legislative contemplation it is a matter of importance that notice of special assessments and special taxes imposed by city and village authorities should be given the owners of property, and they afforded ample opportunity to pay the same without legal proceedings in court for their collection. Said section further provides, that "the validity of the special assessment, or the right to apply for and obtain

judgment for any such special assessment, shall not be affected by such omission." This latter clause manifests the intention of the legislature that a failure to give the notice provided for in this section 38 shall not affect the right to apply for and obtain judgment for a special assessment. There is no such clause or qualification in section 37, or in respect to the notice by publication in a newspaper or by posting, provided for therein. From the statement in the statute, that the omission of personal demand and notice shall not affect the right to apply for and obtain judgment, a strong implication arises that a failure to give notice, by publication or posting, to all persons interested, as required by the statute, will affect the right to apply for and obtain judgment. It must be regarded that if it had been the legislative intention that the public notice, and the opportunity thereunder to pay to the local collector, at any time within thirty days after the date of such notice, the special assessments or special taxes before the same should be legally due, unpaid and delinquent, was no more essential to an application for judgment than the personal notice, then such intention would have been expressed in the statute.

In our opinion the statute makes the delinquency, on or before the 1st day of April in the year in which the application for judgment is made, a jurisdictional fact. Without actual delinquency, then, there is no right in the county collector to apply for and obtain judgment. In the case before us, the thirty days' notice provided for in the statute, and given by the city collector, was published and dated on March 13, 1890, and gave property owners until April 12, 1890, in which to pay their assessments. The assessments here involved were not due, unpaid and delinquent, and the property of appellant was not delinquent, until after the thirty days from the date of the notice had expired. On March 31, 1890, there was no delinquency, and the report of delinquency was improperly made by the city collector. On April 1, 1890, there was no

delinquency, and the county collector had no right to apply for and obtain judgment when he did.

Reference is made to section 191 of the general Revenue law. Said section seems to us to have no application to the present controversy. No claim is made that the special assessments upon the property of appellant are not valid. The only point raised or passed upon is, that the application for judgment was premature.

For the reasons stated herein, the judgment rendered against the above mentioned lots and real estate of appellant is reversed. As the ground of reversal is that the application for judgment was premature, and there must necessarily be a new application made, there is no occasion for an order of remandment.

*Judgment reversed.*