THE PEOPLE *ex rel.* Kochersperger, County Treasurer,

*v.*

ESTHER WADLOW.

*Filed at Ottawa April 3, 1897.*

TAXES—*when copy of order affirming special assessment must be filed in county court.* Where a judgment confirming a special assessment has been affirmed on a writ of error which was made a *supersedeas*, no steps can be legally taken to collect the judgment or return the assessment delinquent, or to procure judgment of sale of the property, until a copy of the order of affirmance has been filed in the county court.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

JOHN D. ADAIR, for appellant.

JOHN R. MONTGOMERY, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from the order of the county court of Cook county, refusing to grant judgment of sale against the land of appellee upon the application of the county treasurer of said Cook county for such judgment in special assessments of the city of Chicago. Two warrants are claimed to be delinquent.

Upon notice of such application for judgment being given by advertisement, appellee appeared specially and filed objections, specifying, among other grounds, that writs of error from the Supreme Court of Illinois had been filed in the proceedings for confirmation of the special assessments, which were by order of that court made a *supersedeas*, directing that all further proceedings in said causes be stayed.

Appellee took an appeal from the judgments of confirmation rendered by the county court to this court. The judgments of confirmation were finally affirmed, as may

be seen by reference to *Wadlow* v. *City of Chicago*, 159 Ill. 176 and 264. This record contains the two cases, and, as the same question arises in both cases, it is stipulated by the parties in the bill of exceptions, that they should be treated as one case.

The original judgments, confirming the special assessments, were rendered on November 15, 1893. It appears from the record, that writs of error were issued out of this court on the 10th day of August, 1894, and, by the proper order, made a *supersedeas* in both cases; and that these writs, together with the orders for *supersedeas*, were filed in the office of the clerk of said county court on August 11, 1894. The judgments were first affirmed by this court, in both cases then pending upon the writs of error, on the first day of April, 1895; and, subsequently, on January 20, 1896, after the denial of rehearing, the judgments were finally affirmed.

The county collector filed his certificate of publication and delinquent list in the office of the county clerk of Cook county on July 13, 1896, which certificate of publication bears date June 19, 1896. The application for judgment was resisted upon the ground, that the cases were still pending upon writs of error, and that the orders for *supersedeas* were still operative. The objections to the application for judgment for sale came on for hearing on July 23, 1896; copies of the orders of this court, affirming the original judgments of confirmation, were not filed until July 23, 1896. During the trial and after the appellee had raised the point that the orders making the writs a *supersedeas* were still operative, the attorney for the relator obtained copies of the orders of affirmance and offered them in evidence, asking that the same be filed. The court sustained the objections thus made and refused the application of the collector for a judgment of sale.

When the collector gave his notice by publication that he would apply for judgment for the sale of the property,

and when he filed his delinquent list in the county clerk's office on July 13, 1896, no copies of the orders, affirming the original judgments of confirmation, had been filed in those causes in the county court. As the cases then stood, so far as the records of the county court showed, the judgments were pending upon writs of error in this court, and this court had made orders, which had been filed in the county court, directing all further proceedings in said causes to be stayed.

The question then arises, to what extent appellee is entitled to object to the application for judgment of sale, upon the ground that all proceedings intermediate between the original judgments of confirmation and the hearing of the objections to the application for judgment of sale on July 23, 1896, were suspended by the pendency of the writs of error, which were made a *supersedeas;* and upon the ground that the pendency of such writs had not been terminated by the filing of copies of the orders of this court affirming the judgments.

The statute says, that, "when an appeal or writ of error shall be prosecuted from a judgment, order or decree to the Supreme Court or Appellate Court, and such appeal or writ of error is dismissed, or the judgment, order or decree is affirmed, upon a copy of the order of the Supreme Court or Appellate Court, as the case may be, being filed in the office of the clerk of the court from which the case was originally removed, execution may issue, and other proceedings may be had thereon in all respects as if no appeal or writ of error had been prosecuted." (2 Starr & Curtis' Stat. p. 1840).

In *Smith* v. *Stevens*, 133 Ill. 183, we said (p. 189): "A copy of what order of this court is to be filed in the office of the clerk of the court below to re-invest that court with jurisdiction to proceed with the execution of its judgment? Manifestly, a copy of the order of affirmance. * * * A certified copy of that order, when filed in the court below, operates as a *procedendo,* and authorizes that

court to proceed with the judgment in all respects as though no appeal had been taken." It would seem clear, therefore, that the lower court would have no authority to proceed in the execution of its judgment, in case of its affirmance by this court, until the filing of a copy of the order of affirmance. If this be so, then the steps taken with reference to an application for judgment of sale of the property were prematurely taken; and the objection made to the application is a valid one.

Counsel for appellant, however, refers to the case of *City of Cairo* v. *Everett,* 107 Ill. 75, as sustaining a contrary view. That was a case, where a petition was filed in the circuit court for a writ of *mandamus* to compel the city of Cairo to levy a tax to satisfy a judgment against it in favor of the petitioners. The judgment had been recovered against the city on July 1, 1878, and had been taken by appeal to the Appellate Court, which court, at its February term, 1879, affirmed the judgment. A copy of the order of the Appellate Court affirming the judgment of the circuit court was not filed in the circuit clerk's office until January 21, 1882; but a demand was made by appellee upon the city for the payment of his judgment on the first day of July, 1879. It is to be observed in that case, that, although the demand, which stated the recovery of the judgment, the appeal therefrom to the Appellate Court, the affirmance thereof by the Appellate Court, and that it was in full force and remained unsatisfied, was made before the copy of the order of affirmance was filed below, yet the petition for *mandamus* was filed thereafter, to-wit: on October 6, 1882. The thing done, which was complained of as being premature because coming before the filing of the copy of the order of affirmance, was not the filing of the petition for the *mandamus,* but simply the making of a demand for the payment of the judgment. It was said in that case, that the language of the statute above quoted "has respect alone to proceedings in the lower court for procuring of execution of the judg-

· ment, and has no application to independent proceedings elsewhere."

Reference is also made to cases, which hold, that an appeal from a judgment of the circuit court to the Supreme Court does not vacate the judgment or destroy its lien on real estate, but merely operates as a stay of the proceedings to enforce the judgment; and that an execution issued upon such judgment, pending the appeal, is irregular, but not void; so that a sale of land thereunder may be set aside on motion by the defendant therein, but that, if the levy and sale are not set aside in proper time, the title to the land sold will pass by the sheriff's deed. (*Oakes* v. *Williams*, 107 Ill. 154; *Shirk* v. *Gravel Road Co.* 110 id. 661; *Stockton* v. *Bishop*, 2 How. 74).

But we do not regard any of these cases as strictly in point upon the question here involved, for the reason that special assessment proceedings under our statute are governed strictly by the provisions of the statute, and the statute expressly provides for cases like this one.

Section 34 of article 9 of the City and Village act provides, that, in case of a judgment of confirmation of a special assessment, "any appeal from such judgment or writ of error shall not invalidate or delay the judgment, except as to the property concerning which the appeal or writ of error is taken." Section 35 provides, that "the clerk of the court, in which such judgment is rendered, shall certify the assessment roll and judgment to the officer of such city or village authorized to collect such special assessments, or if there has been an appeal or writ of error taken on any part of such judgment, then he shall certify such part of the judgment as is not included in such appeal or writ of error." (3 Starr & Cur. Stat. p. 206). There are other provisions in, and following, said section 35, which require the officer receiving the same to file such certificate in his office, and that there shall issue a warrant for the collection of such assessment, and which further require such warrant to be delivered to

the officer authorized to collect such special assessment; and which require the collector receiving the warrant to give notice by publication to interested parties to call and pay the amounts assessed at the collector's office; and which also require such collector to report in writing to the county treasurer all lands, on which he shall be unable to collect the special assessment, etc. (1 Starr & Cur. pp. 499, 500; 3 id. p. 206). It thus appears that, by express provision of the statute itself, the clerk is only to certify such part of the judgment as is not included in the appeal or writ of error. The certificate, a copy of which is contained in the warrant, and which, with the warrant, goes into the hands of the collector, is thus required to omit those parts of the property as to which appeals or writs of error have been taken out.

Section 40 of the same article 9 provides, that "the application for judgment upon delinquent special assessments in each year shall include only such special assessments as shall have been returned as delinquent to the county collector, on or before the first day of April, in the year in which such application is made." (1 Starr & Curtis' Stat. p. 501). In commenting upon these various sections of article 9 in *Bowman* v. *People*, 137 Ill. 436, we said (p. 442): "In our opinion the statute makes delinquency, on or before the first day of April in the year in which the application for judgment is made, a jurisdictional fact. Without actual delinquency, then, there is no right in the county collector to apply for and obtain judgment." It is quite apparent, therefore, that the present application for judgment of sale of the lands of the appellee was prematurely made. Copies of the order of this court, affirming the judgments of confirmation, should have been filed in the county court before the clerk of that court certified the assessment rolls and judgments to the officer of the city authorized to collect the assessments, so far as the appellee's lands are concerned. Inasmuch as the judgments of this court, affirming the

judgments of confirmation rendered by the county court, were not entered until January 20, 1896, and as the copies of such judgments of affirmance were not filed in the county court until the 23d day of July, 1896, the special assessments upon appellee's lands could not have been lawfully returned as delinquent on April 1, 1896. If the proceedings intermediate between the judgments of confirmation and the filing of the applications for judgments of sale could be taken without filing in the county court copies of the judgments of affirmance rendered by this court, then the statute, as above quoted, requiring the filing of such copies would seem to be nugatory and of no avail. If parties can proceed to collect special assessments, while the judgments of the county court confirming them are pending on appeal or writ of error in this court, then the right to take such appeals or sue out writs of error might as well be abolished.

Section 39 of said article 9 provides that, "upon the application for judgment upon such assessment, no defense or objection shall be made or heard, which might have been interposed in the proceedings for the making of such assessment or the application for the confirmation thereof." (1 Starr & Curtis' Stat. p. 501). It is manifest, that the objection now under consideration could not have been interposed in the proceedings for the making of the assessment, or upon the application for the confirmation thereof. It relates wholly and entirely to matters occurring after the judgment of confirmation was entered.

We think the court below decided correctly in sustaining the objection made by the appellee. Accordingly the judgment of the county court is affirmed.

*Judgment affirmed.*