JOHN STEIDL et al.

v.

THE PEOPLE ex rel. Alexander, County Clerk.

*Opinion filed April 21, 1898.*

1. TAXES—*construction of section 40 of article 9 of City and Village act, as to delinquent assessments.* Section 40 of article 9 of the City and Village act, as amended in 1883, (Laws of 1883, p. 58,) providing that the application for judgment upon delinquent assessments in each year shall include only such assessments as shall have been returned as delinquent to the county collector "on or before the first day of April," etc., refers to the date of the delinquency, and not to that of the return.

2. SAME—*that return is not filed until after first of April is not a valid objection.* The fact that the city collector's return of delinquent assessments is not filed with the county collector until after the first day of April does not constitute a valid objection on application for judgment of sale, where the return shows that the delinquency occurred prior to that date.

3. EVIDENCE—*when clerk's certificate is not admissible to prove facts recited.* A certificate by the clerk of the Supreme Court stating that a writ of error had been issued from that court to reverse a certain judgment, which writ had been made a *supersedeas,* is not admissible to prove those facts, the proper proof thereof being a copy of the writ and the *supersedeas* order, duly authenticated.

4. APPEALS AND ERRORS—*Supreme Court will not assume task of hunting up records in other cases.* On appeal from a judgment of sale for a delinquent special assessment, the Supreme Court will not assume the task of hunting up the record of another case to ascertain whether a *supersedeas* granted therein covers the property involved in the appeal, where no such record was introduced in the trial court.

WRIT OF ERROR to the County Court of Coles county; the Hon. S. S. ANDERSON, Judge, presiding.

D. T. McINTYRE, and J. F. HUGHES, for plaintiffs in error.

JAMES W. CRAIG, (JOHN F. VOIGHT, Jr., and EMORY ANDREWS, of counsel,) for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a writ of error, issued for the purpose of reviewing a judgment and order of sale of the county court against the property of the plaintiffs in error for a special assessment for the improvement of "C" street in the city of Mattoon, entered upon the application of the county collector for judgment against delinquent lands and lots for taxes, special assessments, etc., due and unpaid for the year 1896, and for an order of sale against such lands and lots.

*First*—It is objected that the judgment of the county court is defective in form as not being in compliance with section 191 of the Revenue act. This objection may have been good, when made to the incomplete record originally filed by the plaintiffs in error, but the defendant in error suggested a diminution of the record, and filed an amended record. The judgment, as shown by the amended record, is as follows: "Whereas, due notice has been given of the intended application for judgment against said lands and lots, and no sufficient defense having been made or cause shown why judgment should not be entered against said lands and lots for taxes, special assessments, interests, penalties and costs due and unpaid thereon for the year or years herein set forth, therefore it is considered by the court that judgment be and is hereby entered against the aforesaid tract or tracts or lots of land, or parts of tracts or lots, in favor of the People of the State of Illinois for the sum annexed to each, being the amount of taxes and special assessments, interests, penalties and costs due severally thereon; and it is ordered by the court that the several tracts or lots of land shall be sold to satisfy the amount of the taxes and special assessments, interests, penalties and costs annexed to them severally, as the law directs." This order, which was signed by the judge, complies substantially with the requirements of section 191 of the Revenue act.

*Second*—The next objection, made by plaintiffs in error to the entry of judgment against their lots and lands, is that the county collector had no authority to include the special assessment in question in his application for judgment. The reason assigned for this contention is, that the return of the city collector of Mattoon of the premises of plaintiffs in error as delinquent for the non-payment of the special assessment for the improvement of "C" street for the year 1896 was not filed in the office of the county collector until after the first day of April, 1897, that is to say, until the fifth (5th) day of April, 1897. The report of delinquent lots and lands, as made by the city collector, is dated March 30, 1897, and in it he makes the following statement: "I herewith submit statement of delinquents made by me on account of 'C' street special assessments for 1896."

The question, whether the objection now under consideration is a valid one or not, depends upon the proper construction to be given to section 40 of article 9 of the City and Village act; the portion of that section here applicable is as follows: "The application for judgment upon delinquent special assessments in each year shall include only such special assessments as shall have been returned as delinquent to the county collector on or before the first day of April in the year in which such application is made." (1 Starr & Cur. Stat. p. 501). If the meaning is, that the return must be made on or before the first day of April, the objection would seem to be a valid one, but if the meaning is, that the delinquency must occur on or before the first day, the objection is without force.

The report of the city collector shows, that the special assessments were delinquent on March 30, 1897. That report is *"prima facie* evidence that the special assessments mentioned therein were due and unpaid at the date of said report." (*Bowman* v. *People*, 137 Ill. 436). In *Bowman* v. *People*, *supra*, we said (p. 442): "In our opinion the

statute makes the delinquency on or before the first day of April in the year, in which the application for judgment is made, a jurisdictional fact. Without actual delinquency, then, there is no right in the county collector to apply for and obtain judgment." In the *Bowman case* the city collector made his report to the county collector on March 31, 1890, that is to say, before April 1, 1890, but, as the proper notice of thirty days had not been given, it was held that there was no actual delinquency. Under the doctrine of that case the legal right to apply for judgment depends upon the existence of the delinquency on or before April 1, rather than upon the filing of the return on or before April 1. The mere fact, therefore, that the return of the city collector was not filed with the county collector until April 5, 1897, when the return shows on its face that the delinquency existed on March 30, 1897, does not constitute a valid objection.

This conclusion receives endorsement from a comparison of the language of said section 40 with the language of section 182 of the Revenue act. By section 40, when the county collector receives the report of the city collector, he is to proceed to obtain judgment for the special assessments at the same time and in the same manner as is provided by law for obtaining judgment for taxes. By said section 182 he is to give notice of application for judgment "at any time after the first day of April next after such delinquent taxes and special assessments on lands and lots shall become due," not at any time after the first day of April next after return of delinquency has been made.

*Third*—The next objection made by the plaintiffs in error to the entry of judgment below was that the judgment of the county court, confirming the special assessment against their property, was pending in the Supreme Court on writ of error which was made a *supersedeas;* that the order for *supersedeas* was filed in the county court in May, 1896; that the said judgment was affirmed by the

Supreme Court on April 12, 1897; that, while the writ of error was pending, and until the order of affirmance was filed in the county court, the special assessment could not be returned as delinquent. (*People* v. *Wadlow*, 166 Ill. 119).

The only evidence upon this subject, introduced by plaintiffs in error, was the following certificate of the clerk of the Supreme Court:

"I do certify that a writ of error has been issued from this court for the reversal of a judgment obtained by the city of Mattoon *vs.* Henry Gibler and others in the county court of Coles county, at the December term, 1895, in a certain action of special assessment, which writ of error is made a *supersedeas*, and is to operate as a suspension of the execution of the judgment, and as such is to be obeyed by all concerned.

"Given at Springfield, June 1, 1896."

It may be said of this certificate that it was not admissible in evidence, because it merely certifies as to conclusions and matters of fact. It is not a certified copy of the writ of error, or of the order making the same a *supersedeas*. "If a person in official station is bound to record a fact, the proper proof is a copy of the record duly authenticated." (*Schaefer* v. *Wunderle*, 154 Ill. 577). But, aside from this, there is no evidence here, which connects the case of *Gibler* v. *City of Mattoon*, 167 Ill. 18, with any of the parties to this record. It does not here appear, that any of the property involved in the case at bar was involved in the *Gibler case.* The *supersedeas* referred to in the certificate is not proven to be in any way connected with this case, nor is any record produced of the case mentioned in the certificate. This court will not undertake the task of hunting up the record of another case to see whether a *supersedeas* therein granted covers any of the property involved in this proceeding, when no such record was introduced in the court below. The third objection is not well taken.

The judgment of the county court is affirmed.

*Judgment affirmed.*