(No. 11362.—Decree affirmed.)

EDWIN B. HARTS, Appellant, vs. JACOB GLOS et al. Appellees.

*Opinion filed June 21, 1917—Rehearing denied October 5, 1917.*

1. REGISTRATION OF TITLE—*court may order re-payment of taxes to holder of tax deeds as a condition precedent to registration of title.* Where the prayer of an application to register title is in the form prescribed in section 13 of the act concerning land titles, it is proper, as a condition precedent to registering title, to require the re-payment of taxes to the holder of tax deeds and to order said deeds to be set aside as a cloud on the title of the applicant, even though no proof is offered to support the validity of such deeds. (*Gage* v. *Consumers' Electric Light Co.* 194 Ill. 30, followed.)

2. COSTS—*trial court's discretion in taxing costs should not be disturbed on appeal unless abused.* Where the trial court has, in its discretion, taxed all the costs to the applicant in a proceeding to register title, its action should not be disturbed unless the court's discretion in that regard was clearly abused.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

HARRY B. HARTS, for appellant.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant filed his application to register title to certain lands described in the application which he claimed to own in fee, and, among others, made Jacob Glos, Emma J. Glos and August A. Timke defendants, who were alleged to claim some estate or interest in the land. Said named defendants answered the application, denying the applicant owned the premises in fee. The application was referred to an examiner of titles, who reported that the applicant was the owner in fee of the premises, that Jacob Glos had

a tax deed or deeds to certain premises described in the application, but that said deeds were void and should be set aside as clouds upon the title of the applicant. The examiner reported the amounts paid by Glos for the purchase of the property at tax sales, and recommended that he be reimbursed for said amounts and taxes paid subsequently, together with interest at five per cent from the date of payments, respectively, and that the tax deeds be set aside as clouds upon the title of applicant. The court overruled exceptions to the report and entered a decree finding that applicant is the owner in fee of the premises described, that the amount due Glos for taxes and interest is $565.17, that his tax deeds were void, and it was decreed that if applicant, within thirty days from the date of the decree, should pay to Jacob Glos, or to the clerk of the court for his use and benefit, $565.17, the tax deeds should be set aside as a cloud upon applicant's title. In default of said payment being made within thirty days after the entry of the decree the application was to stand dismissed at the cost of the applicant, and the decree was not to become effective unless payment was so made. Upon payment being made within the time mentioned in the decree it was ordered that the title be registered in applicant. The applicant, Edwin B. Harts, has prosecuted an appeal from that decree to this court.

The principal ground upon which a reversal is asked is that the court should have ordered the registrar of titles to register the respective titles, interests and claims of the applicant and the defendants without setting aside the tax deeds and requiring Glos to be reimbursed for the taxes he had paid, together with interest.

The title of appellant was based upon claim and color of title, possession and payment of taxes for seven successive years. No proof was offered of any kind to support the validity of the tax deeds. Appellant insists that as the prayer of the application did not ask that the tax deeds be set aside but only that the title or interest of the applicant

and defendants should be found and ordered registered, the court should have determined only the title of the respective parties, and should not have decreed the tax deeds be set aside as clouds upon the title and the payment to Glos of taxes paid, and interest thereon, as a condition precedent to the registration of appellant's title. Appellant insisted before the examiner that the tax deeds were void and that the examiner should so find and report. The prayer of the application was in the form prescribed in section 13 of the act concerning the registration of land titles. The precise question raised by appellant was passed upon adversely to his contention in *Gage* v. *Consumers' Electric Light Co.* 194 Ill. 30.

Some other minor objections are made by appellant but they are not of a character to require the reversal of the decree. One of them is, that much of the testimony taken by the appellees was unnecessary and that the costs of taking the unnecessary testimony should have been taxed to appellees. The trial court having, in its discretion, taxed all the costs to the appellant, its action should not be disturbed unless the court's discretion in that regard was clearly abused. It does not so appear in this case.

Appellees have assigned thirty-two cross-errors but have argued only three of them: (1) That the deed to appellant under which he claimed as color of title did not purport to convey to him the entire title or interest but only such interest as the grantors had in the property; (2) the proof failed to show possession and payment of taxes by appellant for seven consecutive years; (3) the decree is not a final and appealable decree. In our opinion the deed, properly understood and construed, purports to convey to appellant all of the land here involved and was good as claim and color of title to the property. We think, also, the proof shows possession and payment of taxes by appellant under claim and color of title for seven consecutive years. The decree was a final and appealable decree. *Cre-*

*gar* v. *Spitzer,* 244 Ill. 208; *Mihalik* v. *Glos,* 247 id. 597; *Glos* v. *Brown,* 194 id. 307.

The decree of the circuit court is affirmed.

*Decree affirmed.*