(No. 14086.—Decree affirmed.)
EDWIN B. HARTS, Appellee, *vs.* JACOB GLOS, Appellant.

*Opinion filed October 22, 1921.*

1. PRACTICE—*section 114 of Practice act does not apply where judgment is affirmed.* Section 114 of the Practice act, providing that if neither party shall file a transcript of the order of an appellate tribunal within two years after the order is made the cause shall be considered as abandoned, has no application where the judgment was affirmed.

2. SAME—*when trial court is not without jurisdiction to enter final order.* The fact that the motion for a final order is made before the transcript of the Supreme Court's order of affirmance is filed does not affect the jurisdiction of the trial court, where such transcript is filed with the clerk of the court before the motion is acted upon and the order entered.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellant.

HARRY B. HARTS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Edwin B. Harts, who is appellee here, filed his petition in 1915 in the circuit court of Cook county to have registered his title to four lots. Glos, appellant here, held tax deeds to the lots and answered the petition. Such proceedings were had that in January, 1917, a decree was entered that the applicant was the owner of the fee title to the lots and entitled to registration of his title; that Glos held tax titles for which he had paid out in taxes and expenses, together with interest at five per cent, $565.14, but the tax titles were not valid. It was ordered and decreed that upon payment of the sum of $565.14 to Glos, or to the clerk of the court for his use, within thirty days, the title of Harts be registered in the manner required by law, and that upon

failure to make the payment the application stand dismissed at applicant's costs. Harts prosecuted an appeal from the decree, and the circuit court made a further order extending the time for payment of the amount found due Glos to thirty days after the mandate of the Supreme Court on the appeal was filed. This court affirmed the decree in an opinion filed June 21, 1917, and denied a rehearing October 5, 1917. (*Harts* v. *Glos*, 279 Ill. 485.) July 16, 1920, Harts deposited with the clerk of the circuit court, for the use of Glos, $609.50. No copy of the mandate or order of affirmance had then been filed. In January, 1921, motion was made by Harts in the circuit court for an order that the examiner of titles be directed to issue the certificate. Counsel making the motion produced a certified copy of the order of affirmance by the Supreme Court in support of the motion, but it was not then filed. Glos objected to allowance of the motion on the ground the court had no jurisdiction to make the order because no mandate was filed within two years after the final order by the Supreme Court, no money was deposited within thirty days after the final order was made and no showing had been made of any cause for the delay. Final action was not then had, and on February 21, 1921, the order of affirmance by the Supreme Court was filed, and on February 26 the court entered an order that Harts pay to the clerk an additional sum of $7.59 for the use of Glos, which was paid and Harts' title ordered registered. Glos has prosecuted this appeal from that order.

. Appellant says in his brief the only question involved is whether, by reason of the delay of appellee in performing the decree and failing to file the Supreme Court mandate within two years, the court was authorized to make the order appealed from. Appellant refers to section 114 of the Practice act, and says it, while "not in terms applicable, should be followed by analogy." That section deals with part of the subject covered by sections 112 and 113.

Section 112 provides that when a decree is affirmed on appeal, upon a copy of the order of affirmance being filed with the clerk of the court from which the appeal was prosecuted, execution may issue and other proceedings be had the same as if no appeal had been prosecuted. Section 113 provides that when a case is remanded for a new trial the appellate tribunal shall issue its mandate reversing and remanding the cause to the trial court, and upon a transcript of such order being filed in the lower court and not less than ten days' notice thereof being given to the adverse party, the cause shall be re-instated. Section 114 provides that if neither party shall file such transcript within two years after the final order is made by the appellate tribunal "reversing any judgment," the cause shall be considered as abandoned and no further action thereon shall be had. Section 114 is by its terms limited to cases where the judgment was reversed and has no application where the judgment was affirmed. Cases not entirely in point but in which analogous principles were announced are *People* v. *Wadlow,* 166 Ill. 119, *Smith* v. *Stevens,* 133 id. 183, and *City of Cairo* v. *Everett,* 107 id. 75. It may well be that the circuit court could have no jurisdiction to make the order appealed from before the order of affirmance by the Supreme Court was filed, but it did not do so. The motion for the order was made before the order of affirmance was filed, but it was then produced in support of the motion and was filed with the clerk before the motion was allowed and the order entered.

Some complaint is made that the amount deposited was insufficient by a few dollars. There is no merit in this complaint. The money paid to the clerk for the use of appellant amounted to $617.09, and was sufficient to pay him all moneys paid out on account of the tax deeds and five per cent interest thereon to the time the order was made.

The decree is affirmed.          *Decree affirmed.*